UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CROSS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 18-cv-06097-EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER OF NOVEMBER 30, 2018**<br><br>Docket No. 32 |

The Court has reviewed the parties' joint discovery letter of November 30, 2018. Plaintiffs' request for permission to conduct early discovery (*i.e.*, in advance of the Rule 26(f) conference is **GRANTED**.

There is good cause for the early discovery. Plaintiffs need to know which officers were involved with OSS and what their roles were as they decide whether and whom to name as additional defendants. *See Third Degree Films v. Doe*, No. C 11-02768 LB, 2011 U.S. Dist. LEXIS 128030, at *3 (N.D. Cal. Nov. 4, 2011) ("A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for the early discovery."); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (noting that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). Moreover, Defendants' own claim that information is not readily accessible (thus potentially slowing production) and could be more difficult to locate given the passage of time, if anything, militates in favor of early production.

Defendants' arguments in opposition to the early discovery are unavailing. For example,

Defendants suggest that early discovery should not be permitted because they intend to file a motion to dismiss and Plaintiffs could not survive that motion. *See* Letter at 4 (arguing that the complaint was not timely filed). But Defendants have not adequately shown a strong likelihood of prevailing on any such motion so as to warrant staying discovery.

Defendants also argue that Plaintiffs' proposed discovery is overbroad and vague and does not "target" the identity of the officers involved. The objection based on vagueness clearly lacks merit. The objection based on overbreadth also lacks merit; the gist of the discovery is the identity of the officers involved and the roles they played. *See also* Fed. R. Civ. P. 26(b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [*inter alia*] the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . [and] the importance of the discovery in resolving the issues").

Defendants further contend that Plaintiffs already have information about the identity of officers from the criminal case. Putting aside the irony that Defendants are simultaneously arguing that it would be difficult for them to assemble and produce information in their own possession while Plaintiffs assertedly have better access to such information, the Court notes that there is no indication that the information Plaintiffs have is complete (both in terms of identities and roles played). Moreover, the accuracy of Plaintiffs' information could be contested, and therefore Plaintiffs have an interest in obtaining the information from Defendants specifically.

///
///
///
///
///
///
///
///
///

2

Finally, Defendants maintain that collecting the information sought will impose a burden. However, Defendants have made an insufficient showing of undue burden, particularly in light of the Rule 26(b)(1) considerations. *See, e.g.*, *Bird v. Wells Fargo Bank*, No. 1:16-cv-01130-DAD-EPG, 2017 U.S. Dist. LEXIS 49675, at *12 (E.D. Cal. Mar. 31, 2017) ("When objecting on the basis that a discovery request is overly burdensome, the objecting party must affirmatively support its objection with compelling proof in the form evidentiary declarations or other evidence specifically describing the burden.").

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: December 5, 2018

_____
EDWARD M. CHEN
United States District Judge

3